IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FAYETTEVILLE DIVISION

MARY CLARA TAYLOR                                                                              PLAINTIFF

v.                                           CIVIL NO. 08-5153

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Mary Clara Taylor, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 20, 2006, alleging an inability to work since May 1, 2005, due to a valgus heel deformity, irritable bowel syndrome, fatigue, joint pain, foot pain, knee pain, finger pain, wrist and elbow pain, shoulder and arm pain, neck and back pain, hip pain, arthritis and possible fibromyalgia. (Tr. 69-71, 74-78). An administrative hearing was held on August 1, 2007, at which plaintiff appeared with counsel and testified. (Tr. 6-23).

By written decision dated January 15, 2008, the ALJ found plaintiff was not disabled. (Tr. 32-38). The ALJ reasoned that plaintiff's claim failed at step two of the sequential evaluation process established by regulation by the Commissioner, as she suffered no severe impairment.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 25, 2008. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7,8).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

   A.   **The Sequential Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**III. Discussion:**

The sequential evaluation process may only be terminated at step two when the impairment or combination of impairments would have no more than a minimal effect on plaintiff's ability to work. *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996), citing *Henderson v. Sullivan,* 930 F.2d 19, 21 (8th Cir.1991)

The procedure of terminating the process at step two has been upheld by the United States Supreme Court in *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In *Brown v. Bowen,* 827 F.2d 311 (8th Cir.1987), the United States Court of Appeals for the Eighth Circuit discussed the impact of *Yuckert* and noted:

> On June 8, 1987, the Supreme Court held that the second step of the sequential evaluation process was not per se invalid. See *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In regard to the application of that standard, however, a majority of the Court adopted a standard which provides that '[o]nly those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process. *Id.* 482 U.S. at 158, 107 S.Ct. at 2299.

*Brown v. Bowen,* 827 F.2d at 312.

Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by medical record. *Johnston v. Apfel,* 210 F.3d 870, 875 (8th Cir.2000); see also *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000) (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation). Thus, plaintiff did have the burden of showing a severe impairment that significantly limited her physical or mental ability to perform basic work activities, but the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir.2001).

AO72A
(Rev. 8/82)

Further, to establish entitlement to benefits, plaintiff must show that she has been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than twelve months. See 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

The medical evidence in this case reflects plaintiff was first treated for irritable bowel syndrome in September of 2000. (Tr. 174-186). At that time, plaintiff was instructed to use Citrucel, Pepcid and Triavil to relieve her symptoms. The medical evidence reveals the Citrucel and Pepcid helped to relieve her symptoms but she continued to have problems. The record shows plaintiff has also sought treatment for right foot pain and has been diagnosed with pes planus with a valgus deformity. (Tr. 140-142). In February of 2006, Dr. James M. McKenzie noted plaintiff was using orthotics to help with her foot pain and that plaintiff reported the inserts did help but that she continued to have pain in both feet after standing all day. (Tr. 140). Dr. McKenzie also noted plaintiff complained of multiple pains in her thighs, shoulder, arms, forearms and pelvis region. Dr. McKenzie opined plaintiff would not need further orthopedic intervention but recommended plaintiff undergo a rheumatalogical evaluation because she may have some other type of connective tissue inflammatory process.

Based on the current medical evidence of record, we do not find substantial evidence supporting the ALJ's determination that plaintiff does not suffer from a severe impairment. It is also noteworthy that the record reveals plaintiff reported an inability to work a full eight-hour work day due to pain, that she had to decrease the days she worked from four days to three days, and that her employer made accommodations due to her impairments. (Tr. 11-13).

Accordingly, we find remand necessary so that the ALJ can proceed with the sequential evaluation process.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE